# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL HALL, | Case No. CV 11-4024 JSL (MRW) |
| Petitioner, | |
| vs. | ORDER DISMISSING ACTION |
| UNKNOWN, | |
| Defendant. | |

Donnell Hall is an inmate at Kern Valley State Prison. Mr. Hall recently filed a document with the Court simply entitled "Extension." He does not have an active case on file in this district. Indeed, his filing is apparently an attempt to extend the deadline to file a future habeas corpus petition challenging his state court criminal conviction. This procedure is not workable, though, so his action must be dismissed without prejudice.

According to the Extension, Mr. Hall's state court conviction was affirmed on direct appeal in July 2010. (Docket # 1 at 1.) Although it is not clear what his crimes of conviction were or which court affirmed the conviction, Mr. Hall indicates that he now has a pending habeas matter in Pomona Superior Court. Specifically, Mr. Hall states that he is "trying to exhaust these issues in the state

level" so that he may proceed with habeas review in federal court at a later date. (Id.) The Extension does not identify what issues he raised on direct appeal or in his now-pending state court habeas action.

He correctly notes that he has only one year under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), by which to file his federal habeas petition. Because he has not completed his state court habeas review, Mr. Hall asks this Court to extend his future filing period by 30 to 60 days. (Docket # 1 at 2.) Other than the Extension, though, Mr. Hall has filed no other materials with the Court in connection with his case.

Notably, Mr. Hall has not filed an actual habeas petition with the Court. In this way, he has failed to comply with the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(d) expressly requires that a state prisoner commence a habeas action by using a standard form prepared by the court. In our district, prisoners must complete Form CV-69. That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue in federal court.

Mr. Hall has not provided the Court with any of this important information. The Court does not know the crime or crimes for which he was convicted, the issues he raised on appeal, or why he believes that his conviction violated the U.S. Constitution. As a result, the Court cannot grant any form of a stay or future extension of time.

\* \* \*

To the extent that Mr. Hall is concerned that the pace of his state court habeas case may jeopardize the timely filing of his federal petition, the Court observes that he may be the beneficiary of statutory and/or gap tolling of the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2) states that "[t]he time

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Alternatively, he may wish to file an actual habeas petition with the Court, and then seek a stay of the federal action.[1]

In any scenario, a state prisoner must begin his case by filing a petition for a writ of habeas corpus. Mr. Hall's request for an extension – in the absence of a properly filed petition – is simply inadequate and premature. Therefore, this action is hereby DISMISSED without prejudice. For Mr. Hall's convenience, the Clerk is directed to send him a blank Form CV-69 with a copy of this Order.

IT IS SO ORDERED.

DATED: May 19, 2011

_____
J. SPENCER LETTS
SENIOR UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] Rhines v. Weber, 544 U.S. 269 (2005), and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), provide different legal theories under which a habeas petitioner may apply for a stay of a federal action pending the conclusion of ongoing state habeas proceedings.

3